# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE THE PETITION OF **RAFFLES SHIPPING INTERNATIONAL PTE LTD TO PERPETUATE THE TESTIMONY OF CERTAIN EMPLOYEES AND DOCUMENTARY EVIDENCE** | CIVIL ACTION<br><br>NUMBER: 10-0693<br><br>SECTION: "F" – (1)<br><br>JUDGE:<br>MARTIN L.C. FELDMAN<br><br>MAGISTRATE JUDGE:<br>SALLY SHUSHAN |

## OPPOSITION TO PETITION TO PERPETUATE EVIDENCE

**NOW INTO COURT,** through undersigned counsel, making a restricted appearance solely to oppose this Petition to Perpetuate, and reserving all defenses including, but not limited to jurisdiction and venue, come Nissen Kaiun Co., Ltd. and Southern Route Maritime SA, owners of M/V BLUMENAU.

Raffles Shipping International Pte Ltd. (Raffles) request for discovery should be denied because (1) this matter is not ripe; (2) U.S. discovery is unavailable to parties subject to private international arbitration agreements such are potentially at issue in this case; (3) any potential exception to this rule does not apply.

1

## Not Ripe

Ripeness is a requirement for this Court to exercise jurisdiction.  Article III confines the federal courts to adjudicating actual cases and controversies. Courts have given meaning to Article III's "case or controversy requirement" by developing a series of justiciability principles, which includes ripeness. *See* United Transp. Union v. Foster, 205 F.3d 851 (5th Cir. 2000). Ripeness separates those matters that are premature because the injury is speculative and my never occur from those that are appropriate for judicial review.

Ripeness is required to prevent the courts, "through avoidance of premature adjudication, from entangling themselves in abstract disagreement over administrative policies…" National Park Hospitality Assoc. v. Dept. of the Interior, 538 U.S. 803, 807 (2003).  "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998).

BLUMENAU's owners have not made a claim against Raffles, and therefore this issue is speculative at best.  Therefore, Raffles' petition should be denied.

## Ancillary U.S. Discovery is Barred

The Fifth Circuit holds that it is improper for parties in private international disputes that are subject to arbitration to seek such ancillary discovery through the federal courts.  The Fifth Circuit stated its rationale for this rule in In Republic of Kazakhstan v. Biedermann Int'l, 168 F.3d 880, 883 (5th Cir. 1999):

> Empowering arbitrators or, worse, the parties, in private international disputes to seek ancillary discovery through the federal courts does not benefit the arbitration process. Arbitration is intended as a speedy, economical, and effective means of dispute resolution. The course of the litigation before us suggests that arbitration's principal advantages may be destroyed if the parties succumb to fighting over burdensome discovery requests far from the place of arbitration. Moreover, as a creature of contract, both the substance and procedure for arbitration can be agreed upon in advance. The parties may pre-arrange discovery mechanisms directly or by selecting an established forum or body of governing principles in which the conventions of discovery are settled.

As recently as last August, another panel of the Fifth Circuit reemphasized the importance of denying a party's attempt to use U.S. discovery mechanisms in aid of arbitration. *See* El Paso Corp. v. La Comision Ejecutiva Hidroelectrica Del Rio Lempa, 341 Fed.Appx. 31 (5th Cir. 2009).

Applying this Fifth Circuit precedent, another section of this Court has ruled that the Republic of Kazakhstan decision is controlling and prohibits the perpetuation of evidence in maritime matters which are subject to arbitration. *See* Judge Fallon adopting Magistrate Judge Wilkinson's Order and Reasons, In Re: Skylight Shipping Corp., 1999 WL 1293472 (E.D.La. Jul 09, 1999).

Raffles' is a sophisticated business entity. It entered into a charter party that included all relevant terms governing its charter of BLUMENAU. That charter party included an arbitration clause that specified a place of arbitration. Raffles now seeks to avoid the rules of its chosen method of dispute resolution, to engage in discovery that would not otherwise be permitted. As

3

best we know, BLUMENAU has not made a direct claim against Raffles (with whom it is not in privity of contract), but merely placed its contracted charterer, Rudolf A. Oetker KG, on notice that a claim might be brought against them. But even if BLUMENAU's owners make a claim against Raffles, Raffles will be afforded all of the rights and responsibilities attendant to the normal arbitration process chosen by Raffles. This Court should give Raffles no more, and no less.

## Exceptions Do Not Apply

The court's In Re: Skylight Shipping Corp. decision denying discovery in aid of arbitration did recognize that discovery is sometimes appropriate in "extraordinary circumstances." In support of this exception, the court cited In re Deiulemar Di Navigazione S.p.A., 1994 A.M.C. 2250 (E.D.La. 1994). In that case, Magistrate Judge Chasez granted a motion for limited discovery where crew members possessing particular knowledge of the dispute was about to leave port and the respondent had already put the petitioner on notice of a claim. In this case, BLUMENAU's owners have not made a claim. In fact, the only potential debts existing in this jurisdiction, that of the ADM terminal, have been paid by owners.

Similarly, unlike in Deiulemar, Raffles and another charterer in this case appointed surveyors to attend the vessel after her anchor could not be heaved from the river bed. These surveyors were permitted to interview the master and photograph the anchor windlass and anchor

4

chain. Also, all repairs undertaken in Louisiana have been coordinated by Raffles' own agent – a fact it neglects to point out in its petition suggests it is without any information.

## Conclusion

Raffles Shipping International Pte Ltd. (Raffles) request for discovery should be denied because (1) this matter is not ripe; (2) U.S. discovery is unavailable to parties subject to private international arbitration agreements such are potentially at issue in this case; (3) any potential exception to this rule does not apply.

RESPECTFULLY SUBMITTED,

**PHELPS DUNBAR LLP**

BY: _____
ROBERT J. BARBIER (#2741)
RAYMOND T. WAID (#31351)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Attorneys for Defendant,
Nissen Kaiun Co., Ltd. and
Southern Route Maritime SA, owners of
M/V BLUMENAU, making a restricted
appearance solely to oppose this petition
and not waiving any defenses including but
not limited to jurisdiction and venue.

5

PD.3941114.1

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by hand delivery, by fax or electronic transmission, or by placing same in the United States mail, properly addressed and first class postage prepaid on this _2_ day of _March_, 2010.

ROBERT J. BARBIER
RAYMOND T. WAID

6

PD.3941114.1