UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re The Petition of RAFFLES SHIPPING INTERNATIONAL PTE LTD To Perpetuate The Testimony of Certain Employees And Documentary Evidence | CIVIL ACTION<br><br>NO: 10-0693-MLCF-SS |

## REPORT AND RECOMMENDATION

On February 26, 2010, Raffles Shipping International Pte LTD. ("Raffles"), filed a petition, pursuant to Fed. R. Civ. P. 27 and 28 U.S.C. § 1782, for perpetuation of certain testimony and documents. Raffles is the time charterer of the M/V Blumenau, which is owned by Nissen Kaiun Co., Ltd/Southern Route Maritime SA ("Nissen"). As more fully described in Raffles' petition the vessel could not heave its anchor. The vessel was not shifted to its loading berth. Penalties were imposed by the grain elevator. The vessel is undergoing repairs. Raffles represents that the owner is holding it responsible for penalties and other expenses.

During a telephone conference on Tuesday, March 2, 2010, Nissen agreed to produce: (a) the technical manual for the windlass used in the attempt to heave the anchor; (b) the maintenance records for the windlass; and (c) the vessel logs for the period since the vessel entered the mouth of the Mississippi River on or about February 7, 2010, which period includes one anchorage prior to the one at issue. By agreement the petition is granted as to these records. It is denied as to all other records.

The remaining issue is whether the master and chief engineer will be produced for their depositions by Friday, March 5, 2010. These persons are citizens of the Philippines. In re Deiulemar di Navigazione, SpA, 153 FRD 592 (E.D.La. 1994) (Chasez, M.J.), presented a similar

fact situation. The petitioner, pursuant to Fed. R. Civ. P. 27, sought to perpetuate deposition testimony of members of the crew. The owner of the vessel opposed on the basis that the parties agreed to arbitrate disputes. Nissen makes this same argument in opposition to Raffles' petition. Rec. doc. 4. In <u>Deiulemar,</u> the court agreed that discovery was not generally available as an incident to arbitration, but determined, that in extraordinary circumstances, discovery was permitted. It held that where a vessel with foreign crew members possessing particular knowledge of the dispute is about to leave port, extraordinary circumstances were present. 153 F.R.D. at 593.

The circumstances presented by Raffles are the same as those found extraordinary in <u>Deiulemar</u>. The only remaining issue is whether <u>Republic of Kazakhstan v. Biedermann International</u>, 168 F.3d 880 (5th Cir. 1999), requires that Raffles's request for the depositions be denied. In <u>Kazakhstan</u>, Rule 27 was not at issue. Instead, the plaintiff sought a deposition in Texas in connection with an international arbitration proceeding. Pursuant to 28 U.S.C. § 1782, the federal district court ordered a non-party to appear for a deposition. The Fifth Circuit held that Section 1782 was not intended to authorize resort to United States federal courts to assist discovery in private international arbitrations. 168 F.3d at 883.[1]

It is anticipated that the vessel will sail from New Orleans by March 10, 2010. There is no assurance that the master and chief engineer will be available for their depositions in the future. Although Nissen contends that any dispute with Raffles will be submitted to arbitration, there is no privity of contract between Nissen and Raffles. International arbitration of this dispute has not

---

[1] <u>In re Skylight Shipping Corp</u>., 1999 WL 1293472 (E.D.La.) was decided after <u>Kazakhstan</u>. Magistrate Judge Wilkinson determined that even if <u>Kazakhstan</u> did not bar a request for depositions, the petitioner did not establish exceptional circumstances as were present in <u>Deiulemar</u>. The report and recommendation was adopted by District Judge Fallon.

2

commenced.[2] Raffles is the recipient of notification from Nissen that it will hold Raffles responsible for all delays and expenses in connection with Nissen's contention that the inability to heave the anchor was attributable to an unsafe anchorage. Raffles, however, contends that it was attributable to mechanical problems with the windlass. Because of uncertainty regarding whether the dispute will be submitted to arbitration and the extraordinary circumstances presented by the imminent departure of the vessel with its foreign crew, Raffles' request for the depositions of the master and chief engineer will be granted pursuant to Rule 27. The request for depositions of other crew members will be denied as cumulative.

## RECOMMENDATION

IT IS RECOMMENDED that:

1. Raffles' petition for perpetuation of certain testimony (Rec. doc. 1) is GRANTED in PART and DENIED in PART.

2. **Within twenty-four (24) hours of the entry of this order**, Nissen shall produce: (a) the technical manual for the windlass used in the attempt to heave the anchor; (b) the maintenance records for the windlass; and (c) the vessel logs for the period since the vessel entered the mouth of the Mississippi River on or about February 7, 2010, which period includes one anchorage prior to the one at issue.

3. By **Friday, March 5, 2010**, Nissen shall produce the master and chief engineer of the vessel for their depositions.

4. Raffles shall provide an interpreter for the depositions.

---

[2] If it was clear that the parties agreed to submit this dispute to international arbitration, the court would be constrained by Kazakhstan to deny the request for the depositions. See 168 F.3d at 882-883.

OBJECTIONS

**IT IS ORDERED that the delay for objecting to this report and recommendation is shortened to twenty-four (24) hours from its entry.**

New Orleans, Louisiana, this 3rd day of March, 2010.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**